UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET AND JAMES CARRIERE                    CIVIL ACTION

versus                                         NO. 06-4847

THE HANOVER AMERICAN INSURANCE COMPANY         SECTION: E/4

### RULING ON MOTION

This matter is before the court on cross motions for partial summary judgment. Plaintiffs (collectively "Carriere") filed a motion for partial summary judgment against defendant The Hanover American Insurance Company ("Hanover"). R.d. #18. Hanover opposes the motion, and in the opposition, also asks for partial summary judgment in its favor. R.d. #22. The motions were considered on the briefs without oral argument, and the court is now prepared to rule.

### BACKGROUND

Carriere owns a five acre parcel of property at 72425 Military Road which includes a residence and other structures, and a nearby eight acre parcel of vacant land, in Covington, Louisiana.[1]  Hurricane Katrina broke and felled approximately 370 trees on both parcels. At that time, both properties were insured by Hanover. Carriere submitted a claim for $41,000.00 for removal of the felled trees from 72425 Military Road, and $23,125.00 for removal of the felled trees from the vacant

---

[1] See Carriere's statement of uncontested material facts.

parcel.[2]  After Hanover rejected the claims, Carriere filed suit in federal court alleging that the Hanover homeowner's policy provides coverage for the removal of debris on the covered property if a "Peril Insured Against" that applies to the damaged property causes the loss.  Carriere also prays for statutory penalties, attorneys' fees and costs pursuant to La. R.S. 22:658 and 1220, and "other applicable Louisiana law".  *See, generally,* Original Complaint.  Jurisdiction is based on diversity, and the parties do not dispute that the amount in controversy is in excess of $75,000.00.

## ANALYSIS

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 3d 265 (1986).  An issue is material if its resolution could affect the outcome of the action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.

---

[2]Carriere's memorandum in support of the motion acknowledges that Hanover paid $11,750.00 to remove trees that had damaged the residence, guest house and storage shed, and another $1,100.00 to remove trees from the driveway, pursuant to the relevant policy terms.

*See* Olabisiomotosho v. City of Houston*,* 185 F.3d 521, 525 (5th Cir. 1999).  However, once a moving party properly supports a motion for summary judgment, the nonmoving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial."  Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 311-12 (5th Cir. 1999), *quoting* Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047-48 (5th Cir. 1996).  The nonmoving party cannot satisfy its burden with "unsubstantiated assertions" or "conclusory allegations."  Id.

   Carriere states the issue as "whether downed or dead trees on the insured's property constitute 'covered property' even though the term is not defined by Hanover."  Memorandum, p. 9.  He asserts, first, that the inclusion of the term "grounds" in the definition of the "insured location" and "residence premises" extends the coverage to damage to the "grounds" caused by the covered peril of windstorm.  This, according to the argument, creates an ambiguity in the terms of the policy as to the extent of the coverage.  Secondly, Carriere argues that while standing timber is an immovable under Louisiana law, downed and dead trees constitute "movables", and are therefore personal property of the insured under Coverage C, which is covered "while it is anywhere in the world".  Finally, Carriere argues that because the policy provides liability coverage for injuries a third party might

sustain anywhere on the insured's property, and because the felled trees constitute a hazard on the property and theoretically a felled tree could injure a person, the trees must be covered under the liability provisions.

None of these arguments can prevail. In <u>Julie Kjome Proctor, et al. v State Farm Companies</u>,, Judge Feldman very recently and succinctly stated the relevant law regarding interpretation of an insurance policy:

> Under Louisiana law, an insurance policy is a contract that should be enforced as written. See <u>Peterson v. Schimek</u>, 729 So.2d 1024, 1028 (La. 1999). When the words are clear and unambiguous, and lead to no absurd consequences, courts will enforce the policy language as written. La. Civ. Code art. 2046; see also <u>Central La. Elec. Co. v. Westinghouse Elec. Corp.</u>, 579 So. 2d 981, 985 (La. 1991). Insurance policies are construed as a whole and each provision must be interpreted in light of the other provisions so that each has meaning. La. Civ. Code art. 2050; see also <u>Central La. Elec. Co.</u>, 579 So. 2d at 985.

C.A. No. 06-5145, E.D. La., rec. doc. #32, February 5, 2007.[3]

The Court accordingly must examine the insurance policy at issue as a whole.

Section I of the policy[4] is devoted to "Property Coverages"; Section II to "Liability Coverages". Section I is divided into

---

[3]The issue in that case, heard on State Farm's 12(b)(6) motion to dismiss, was whether the plaintiffs were entitled to recover for damages to the trees, plants and shrubs on their lawns during Hurricane Katrina.

[4]*See* Ex. "E", Opposition, a copy of the policy at issue.

four basic types of coverages: Coverage A (dwelling); Coverage B (other structures); Coverage C (personal property); and, Coverage D (loss of use).  At Coverage A, the policy covers (1) the "residence premises", including structures attached to the dwelling; and (2) "Materials and supplies located on or next to the 'residence premises' ...."  The policy states that "[t]his coverage does not apply to land, including land on which the dwelling is located."  Likewise, Section I, Coverage B - "Other Structures", expressly excludes the land on which the "other structures" are located.  Thus, both Coverage A and B exclude coverage of the land on which the structures are located.  This exclusion logically would apply to coverage for damages to the trees located on the land, unless such coverage is expressly included elsewhere in the policy.

Coverage is not provided under Coverage C, Personal Property.  A tree is a component part of the land and is considered an immovable under Louisiana law.  <u>King v. Young Properties</u>, 893 So.2d 895, 899 (La.App. 3 Cir. 2004).  Carriere has not provided any statute or jurisprudence supporting his claim that trees felled by a hurricane become movables under Louisiana law, therefore are covered personal property as

contemplated by the insurance policy.[5]  Carriere does not assert that the cost of removal of the felled trees is covered by Coverage D, Loss of Use.

Section I of the policy also includes a part entitled Additional Coverages, which lists specific additional coverages not included in Coverages A, B, C and D.  Part 1,"Debris Removal", expressly covers (a) trees felled by windstorm or hail *"provided the tree(s) damages a covered structure.  The $500 limit is the most we will pay in any one loss regardless of the number of fallen trees."*  Only trees that damage a covered structure are expressly covered here.  There is no dispute that the trees at issue did not damage a covered structure.  The fact that Hanover paid a significant amount for removal of trees that damaged the house and covered the driveway under this section, in conjunction with the coverages provided by Coverage A and B, does not expand the coverage beyond the express terms of the policy. Debris removal covered under this section specifically includes "[d]ebris of covered property if a Peril Insured Against that applies to the damaged property causes the loss".  The debris removed to facilitate repairs to the "residence premises" and "other structures" happened to be felled trees.

---

[5] Carriere cites <u>Gillespie v. W.A. Ranson Lumber Co.</u>, 132 F.Supp. 11, <u>aff'd</u>, 234 F.2d 285 (5th Cir. 1956) in support of his argument.  However, in that case, the "felled timber", identified in a footnote as a movable, had been cut pursuant to a contract for sale, and had been stacked for removal. It is inapplicable to this factual situation.

Part 3 of Additional Coverages covers "Trees, Shrubs and Other Plants" as follows:

> We cover trees, shrubs, plants or lawns, on the "residence premises," for loss caused by the following Perils Insured Against: Fire or lightning, Explosion, Riot or civil commotion, aircraft, Vehicles not owned or operated by a resident of the "residence premises", Vandalism or malicious mischief or Theft.

There is no dispute that the trees at issue were not damaged by a covered peril.

Finally, Carriere has not alleged that the felled and broken trees have caused him to be subjected to any liability for injuries suffered by third parties so as to trigger coverage under Section II - Liability Coverages. A theoretical possibility that such an event might occur cannot extend the scope of the express coverage under the policy. Such an interpretation would lead to absurd consequences - the imposition of liability coverage based on the possibility of the theoretical future occurrence of a personal injury causing damages.

The Court finds that, construing the insurance policy at issue as a whole and considering each provision in light of the other provisions so that each has meaning, there is no genuine issue as to any material fact, and Hanover is entitled to partial judgment as a matter of law.

Accordingly,

**IT IS ORDERED** that Carriere's motion for partial summary judgment, record document #18, is **DENIED;** and,

**IT IS FURTHER ORDERED** that Hanover's motion for partial summary judgment, record document #22, is **GRANTED.**

New Orleans, Louisiana, April 3, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
Senior United  States District Judge